FILED
United States Court of Appeals
Tenth Circuit

January 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PEDRO ALCANTAR-AGUIRRE, JR.,

    Defendant-Appellant.

No. 12-2091
(D.C. No. 2:12-CR-00246-JAP-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.
_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Pedro Alcantar-Aguirre, Jr. pled guilty to one count of unlawful

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to fifty-seven months imprisonment–at the low end of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of fifty-seven to seventy-one months imprisonment. Although Mr. Alcantar-Aguirre appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

During a traffic stop, Mr. Alcantar-Aguirre admitted to a Las Cruces, New Mexico police officer that he possessed a round of .22 caliber ammunition in his shoe. In addition, an inventory search of the vehicle resulted in officers finding twenty-four rounds of .22 caliber ammunition in the glove compartment and one round of the same ammunition under the front passenger floorboard. In a post-Miranda interview, Mr. Alcantar-Aguirre admitted he possessed several rounds of .22 caliber ammunition in his pants pockets and had hidden the ammunition found in the glove compartment and on the floorboard when the police officer pulled him over for the traffic stop. He also admitted he was a convicted felon recently released from prison.

Thereafter, Mr. Alcantar-Aguirre pled guilty, without the benefit of a plea agreement, to unlawfully possessing ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A federal magistrate judge questioned Mr. Alcantar-Aguirre on his age, physical and mental condition, and whether he was under the influence of alcohol, drugs, or any medication; advised him of the charges against him, his constitutional rights, and the possible consequences of his guilty plea, including the maximum possible penalties associated with that plea; and questioned him on whether he consulted and was satisfied with his counsel's representation.[1] After noting the factual predicate to sustain his plea had been provided, and following allocution by Mr. Alcantar-Aguirre on the elements of the charge against him, the magistrate found Mr. Alcantar-Aguirre fully understood the charge against him; the terms of pleading guilty and the consequences of his plea; and that his guilty plea was freely, voluntarily, and intelligently made.

---

[1] While neither counsel for Mr. Alcantar-Aguirre nor the government provided a copy of the plea hearing transcript as part of the record on appeal, Mr. Alcantar-Aguirre's counsel provides representations as to the content of the discussion at the plea hearing. Generally, "[w]hen the party asserting an issue fails to provide a record sufficient for considering that issue, [this] court may decline to consider it." 10th Cir. R. 10.3(B). However, in this case, the absence of the transcript of the plea hearing does not affect our disposition of Mr. Alcantar-Aguirre's appeal. This is because we assume his appellate counsel's representations with respect to the contents of the document are accurate, especially in the absence of any objections by either the government or Mr. Alcantar-Aguirre as to those representations. Nevertheless, counsel is reminded that in any future filing, any relied-on and referenced portion of the record should be designated and provided as part of the appeal record.

Following Mr. Alcantar-Aguirre's guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable 2011 Guidelines. The probation officer recommended a base offense level of twenty-four, under U.S.S.G. § 2K2.1(a)(2), because Mr. Alcantar-Aguirre committed the instant offense subsequent to at least two felony convictions for crimes of violence and further recommended a three-level reduction for acceptance of responsibility. The resulting offense level of twenty-one, together with his criminal history category of IV, resulted in a sentencing range of fifty-seven to seventy-one months imprisonment. In discussing any possible circumstances warranting a departure, the probation officer stated she had considered a departure under U.S.S.G. § 5H1.3 based on mental and emotional conditions which might distinguish Mr. Alcantar-Aguirre's characteristics from a typical case. In discussing such a departure, the probation officer noted Mr. Alcantar-Aguirre had been diagnosed with Attention Deficit Hyperactivity Disorder, Oppositional Defiant Disorder, and Organic Brain Dysfunction from inhalant abuse, and had been classified as Severely Disabled Mentally Ill. However, in recommending that Mr. Alcantar-Aguirre's mental and emotional conditions did not distinguish him from the typical case for the purpose of qualifying for a downward departure, the probation officer pointed out nothing indicated the instant offense was a direct result of his mental health status, given he demonstrated he knew possessing ammunition was wrong when he attempted to

hide it. The probation officer also pointed out his extensive criminal history was troubling and that he would receive the necessary mental health counseling through the Federal Bureau of Prisons. Even though Mr. Alcantar-Aguirre experienced a troubled childhood, the probation officer also explained that a disadvantaged upbringing and lack of guidance as a youth are not considered relevant grounds for a departure under U.S.S.G. § 5H1.12.

Mr. Alcantar-Aguirre did not file any objections to the presentence report. At the sentencing hearing, the district court adopted all of the factual statements in the presentence report after Mr. Alcantar-Aguirre admitted all the statements of fact were true and correct. The district court also stated it had considered the information provided by Mr. Alcantar-Aguirre at his plea hearing, found he knowingly, voluntarily, and intelligently entered his plea of guilty, and accepted his guilty plea. It then sentenced him at the low end of the Guidelines range to fifty-seven months imprisonment.

Through his appointed federal public defender, who also represented him before the district court, Mr. Alcantar-Aguirre filed a notice of appeal. Thereafter, this court granted Mr. Alcantar-Aguirre's motion for withdrawal of counsel and appointed new counsel to represent him on appeal. Mr. Alcantar-Aguirre's appellate counsel has now filed an *Anders* appeal brief and motion to

withdraw as counsel, explaining no meritorious issues exist on appeal. *See Anders*, 386 U.S. at 744. In support, counsel points out that after an extensive and conscientious review of the record on appeal he finds Mr. Alcantar-Aguirre's appeal "wholly frivolous." Nevertheless, in an effort to provide "any potential appealable issues," counsel notes Mr. Alcantar-Aguirre has a longstanding history of severe mental issues, as indicated in the presentence report, which could have impacted his ability to make a deliberate and intelligent choice with regard to his plea. He also notes the presentence report outlined Mr. Alcantar-Aguirre's troubling childhood and that while lack of guidance as a youth and a disadvantaged upbringing are not relevant grounds warranting a departure, other circuits have departed in cases where the circumstances were exceptionally cruel. However, counsel also points to our decision in *United States v. Browning,* 252 F.3d 1153, 1160 (10th Cir. 2001), in which we recognized another court's persuasive effort in distinguishing cruel psychological and emotional abuse from the type of generalized lack of guidance or neglect § 5H1.12 prohibits. *Id.* at 1160. However, we also held we lacked jurisdiction to review a sentencing court's refusal to depart downward except in the rare circumstance it states it does not have authority to depart. *See id.* at 1160-61.

Pursuant to the requirements in *Anders,* this court gave Mr. Alcantar-Aguirre an opportunity to respond to his counsel's *Anders* brief, which he failed

to do. *See* 386 U.S. at 744. In addition, the government has filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* While the record shows Mr. Alcantar-Aguirre suffers from mental impairment, nothing in the record or the representations made to this court indicate his guilty plea was not voluntarily, knowingly, and intelligently entered. Indeed, both the federal magistrate judge and the district court, who were aware of his mental impairment, found Mr. Alcantar-Aguirre voluntarily, knowingly, and intelligently entered his guilty plea, and it is clear from the record that no objection was raised with respect to this issue by Mr. Alcantar-Aguirre's trial counsel prior to, at the time of, or after his plea hearing. Moreover, while his appellate counsel has raised the issue as a possible avenue for appeal, he has nevertheless represented to this court that he conducted an extensive and conscientious review of the record on appeal and found any appeal "wholly frivolous." In addition, as acknowledged by Mr. Alcantar-Aguirre's counsel, a lack of guidance as a youth and a disadvantaged upbringing are not considered relevant grounds warranting a departure under the Guidelines, and we otherwise lack jurisdiction to review a district court's refusal to depart downward, except where it states it does not have authority to depart, which is not the circumstance

-7-

here.  *See Browning,* 252 F.3d 1160-61.

As to Mr. Alcantar-Aguirre's sentence, we review it for procedural and substantive reasonableness.  *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*).  Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed.  Mr. Alcantar-Aguirre, through his counsel, does not contend the district court improperly calculated his Guidelines range of fifty-seven to seventy-one months incarceration.  Further, the district court sentenced him to fifty-seven months imprisonment, which is within the advisory Guidelines range and entitled to a rebuttable presumption of reasonableness.  *Id.*  Mr. Alcantar-Aguirre has not rebutted this presumption with any nonfrivolous reason warranting a lower sentence.  *Id.*  While his counsel implies his mental status and challenging childhood might warrant a variant sentence, he has not shown, and nothing in the record suggests, Mr. Alcantar-Aguirre's circumstances are atypical for the purpose of a variant sentence under the 18 U.S.C. § 3553(a) sentencing factors.

### III.  Conclusion

For these reasons, no meritorious appellate issue exists.  Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Alcantar-Aguirre's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge